UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. FRISBY,<br><br>          Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA DEPARTMENT OF JUSTICE,<br><br>          Defendant. | Case No. 5:19-cv-01249-DSF (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

I.     **INTRODUCTION**

On July 8, 2019, Plaintiff Mark. R. Frisby ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a First Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file a First Amended Complaint.

///

## II. ALLEGATIONS IN THE COMPLAINT

The Complaint is filed against The State of California Department of Justice, in its official capacity ("DOJ" or "Defendant"). (Compl. 3.)[1]

The Complaint and attached exhibits[2] contain the following allegations and claims: Defendant subjected Plaintiff to extended periods of isolation and abuse in an attempt to elicit a confession from Plaintiff. (*Id.* at 5–6.) Specifically, Defendant denied Plaintiff clothing, showers, hygiene products, food, and sleep. (*Id.* at 5, 18.) Plaintiff was held in his cell "without being let out once and often for up to three days without water for over 100 days straight." (*Id.* at 18.)

In addition, Defendant "made threats of sexual assault and genital mutilation" to Plaintiff. (*Id.* at 5.) An unnamed jail-based treatment employee sexually harassed Plaintiff. (*Id.* at 12.) County jail psychiatrist Ruiz "ordered that [Plaintiff] be kept naked in his cell for months at a time and constantly threatened [Plaintiff] with genital mutilation [sic]." (*Id.* at 18.)

Defendant also misdiagnosed Plaintiff with multiple mental illnesses. (*Id.* at 5.) Plaintiff "was wrongfully accused of having a deteriorating mental state and was subject to misdiagnosis by state employees . . . ." (*Id.* at 12.) Plaintiff suffered threats of false medication and recommendations to a state mental institution. (*Id.*)

Finally, Defendant denied Plaintiff an attorney, access to reading and writing material, and legal resources. (*Id.* at 5, 12.)

---

[1] Citations to pages in docketed documents reference those generated by CM/ECF.

[2] Documents attached to a complaint are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Attached to the Complaint as "evidence in support of Civil Rights Complaint" are Plaintiff's state Petition for Writ of Habeas Corpus and evidence in support thereof. (*See* Compl. 9–120.) From these attachments, the Court summarizes only allegations that potentially are relevant to Plaintiff's Section 1983 claims.

2

Based on these allegations, Plaintiff asserts the following claims: (1) right to remain silent; (2) right to an attorney; (3) right to a fair trial; (4) rights to life, liberty, and the pursuit of happiness; (5) Eighth Amendment; (6) Fifth Amendment; and (7) First Amendment. (*Id.* at 5.)

Plaintiff seeks the following remedies: (1) reversal of his conviction; (2) monetary compensation ($200 million for lost wages and $1 billion for sexual harassment); and (3) $200 million in punitive damages. (*Id.* at 6.)

### III. LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

///

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), "which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). In reviewing a motion to dismiss, the court will accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Park*, 851 F.3d at 918 (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Id.*

Where a plaintiff is *pro se*, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)

(quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a *pro se* plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

IV. **DISCUSSION**

A. **The Complaint Does Not Name Any Proper Defendants.**

The Complaint is brought only against Defendant DOJ in its official capacity. (Compl. 3.) As a state agency, Defendant DOJ is not a "person" subject to liability under Section 1983. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). In addition, state agencies are protected by the Eleventh Amendment from suits for money damages, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), unless the state waives Eleventh Amendment immunity or Congress abrogates it, *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, Defendant DOJ is not a proper defendant, and must be omitted from any amended complaint.

In any amended Complaint, Plaintiff must identify the specific Defendants—other than the DOJ—allegedly responsible for violating Plaintiff's federal or Constitutional rights. Plaintiff must specify the capacity in which each Defendant is sued. To the extent a Defendant is sued in his or her official capacity, he or she only can be sued for prospective declaratory and injunctive relief, not money damages. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999) ("*Ex Parte Young* provided a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against

5

unconstitutional actions taken by state officers in their official capacities.") In addition, Plaintiff must provide specific factual detail regarding each Defendant's acts and omissions that allegedly violated Plaintiff's federal or Constitutional rights. "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Sufficient detail must be provided to give each Defendant fair notice of Plaintiff's claim against him or her. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal under Rule 8 where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery."). In any amended complaint, Plaintiff should omit any Defendant for whom Plaintiff cannot provide specific factual allegations regarding his or her acts or omissions.

**B.     Plaintiff Cannot Challenge His Conviction Under Section 1983.**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under [Section 1983]. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citations omitted). A Section 1983 complaint must be dismissed pursuant to *Heck v. Humphrey* if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated, either through state litigation or federal writ of habeas corpus. 512 U.S. 477, 486–87 (1994). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Here, Plaintiff explicitly seeks reversal of his conviction on grounds that it was obtained illegally. (Compl. 6.) As stated, *supra* Section II n.2, attached to the Complaint as "evidence in support of Civil Rights Complaint" are Plaintiff's state Petition for Writ of Habeas Corpus and evidence in support thereof. (*See id.* at 9–120.) The Complaint states that Plaintiff has filed and is awaiting a response to his writ of habeas corpus challenging the conviction associated with the Complaint. (*Id.* at 2.) As Plaintiff's conviction has not been set aside or reversed, *Heck* bars any claims challenging the validity of Plaintiff's conviction. *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) ("[A]s with affirmative defenses, a court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an 'obvious bar to securing relief on the face of the complaint.'") (quoting *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The *Heck*-barred claims include: (1) the right to remain silent/Fifth Amendment, (2) right to an attorney, (3) right to a fair trial, and (4) the request to reverse Plaintiff's conviction. These claims should not be included in any amended complaint. Plaintiff also should refrain from attaching his Petition for Writ of Habeas Corpus and supporting evidence to any amended complaint, and instead should include relevant allegations from such documents in the amended complaint.

### C. The Complaint Does Not State a Cognizable Section 1983 Claim.

Section 1983 provides a cause of action against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983). The purpose of Section 1983 is "to deter state

actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt*, 504 U.S. at 161. To state a claim under Section 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. The Complaint Does Not State a Claim for Violation of the Rights to Life, Liberty, and the Pursuit of Happiness.

The Complaint's assertion of a violation of Plaintiff's rights to life, liberty, and the pursuit of happiness is not cognizable. (Compl. 5.) "Those principles, described in the Declaration of Independence, do not guarantee enforceable rights." *Minyard v. Walsh*, No. ED CV 13-00110 DSF (RZ), 2014 U.S. Dist. LEXIS 35371, at *11 (C.D. Cal. Jan. 22, 2014), *accepted*, 2014 U.S. Dist. LEXIS 35368 (C.D. Cal. Mar. 17, 2014). "The Declaration of Independence is an important historical document, but it is not law." *Morgan v. County of Hawaii*, No. 14-00551 SOM-BMK, 2016 U.S. Dist. LEXIS 41063, at *72, 2016 WL 1254222, at *24 (D. Haw. Mar. 29, 2016). This claim must be omitted from any amended complaint.

### 2. The Complaint Does Not State an Eighth Amendment Claim for Plaintiff's Conditions of Confinement.

The treatment a prisoner receives in prison and the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "In other words, they must not be devoid of

8

legitimate penological purpose, or contrary to 'evolving standards of decency that mark the progress of a maturing society.'" *Morgensen*, 465 F.3d at 1045 (citation omitted) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). "An institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (quoting *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981)).

A prison official violates the Eighth Amendment when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'"; and (2) subjectively, the prison official acted with "deliberate indifference" to an inmate's health or safety—that is, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834, 837 (citations omitted).

Objective Prong. The Complaint satisfies the objective prong because it alleges that Plaintiff was held in his cell without being let out once for "over 100 days straight." (Compl. 18.) This allegation can be construed as a claim for prolonged deprivation of outdoor exercise, which can constitute a sufficiently serious deprivation. *See Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (holding that deprivation of outdoor exercise for six-and-one-half weeks satisfied the objective element of an Eighth Amendment claim).

Plaintiff also alleges that he was denied clothing, showers, hygiene products, food, sleep, and water. (Compl. 5, 18.) These are "basic human needs" protected by the Eighth Amendment. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986) ("Basic human needs" protected by the Eighth Amendment include

9

"food, clothing, shelter, sanitation, medical care, and personal safety.") However, the Complaint does not contain sufficient allegations to allow the Court to conclude that these deprivations were objectively sufficiently serious. If Plaintiff includes an Eighth Amendment claim regarding these conditions in an amended complaint, Plaintiff should add additional factual allegations, including their "circumstances, nature, and duration." *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld.") (quotations omitted).

Finally, Plaintiff alleges that he was subject to harassment: Defendant threatened to prescribe Plaintiff false medication, to recommend him to a state mental institution, and threatened him with sexual assault and genital mutilation. (Compl. 5, 12, 18.) However, verbal harassment or abuse is not protected by the Eighth Amendment. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Similarly, the Eighth Amendment does not protect verbal sexual harassment that does not involve physical contact. *Austin v. Terhune*, 367 F.3d 1167, 1171–72 (9th Cir. 2004). Plaintiff should omit the non-sexual verbal harassment allegations from any amended complaint. Unless Plaintiff can add factual allegations of physical contact in connection with the alleged sexual harassment, he also should omit the sexual harassment allegations from any amended complaint.

<u>Subjective Prong</u>. The Complaint fails the subjective prong because it contains no allegations to support the inference that Defendant acted with "deliberate indifference" to Plaintiff's health or safety. If Plaintiff files an amended complaint with an Eighth Amendment claim concerning the conditions of

confinement, he must add sufficient allegations from which it can be inferred that Defendant "demonstrate[s] a *subjective awareness* of the risk of harm" to Plaintiff. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (quoting *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2011).

### 3. The Complaint Does Not State an Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs.

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). "To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle*, 429 U.S. at 104). A plaintiff must allege sufficient facts to satisfy a two-prong test: (1) an objective standard—the existence of a serious medical need; and (2) a subjective standard—deliberate indifference. *Colwell*, 763 F.3d at 1066.

A "serious medical need" exists if "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Neither result is the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *McGuckin*, 974 F.2d at 1059 (alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are

examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059–60.

The subjective "deliberate indifference" prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin*, 974 F.2d at 1059. However, deliberate indifference is met only if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834. The defendant "must purposefully ignore or fail to respond to the plaintiff's pain or possible medical need for deliberate indifference to be established." *See McGuckin*, 974 F.2d at 1060.

Objective Prong. Here, two psychiatric reports attached as exhibits to the Complaint satisfy the objective prong. (*See* Letter from Jack Rothberg, M.D., Ph.D. to the Honorable Leslie Swain, Judge of the Superior Court (Mar. 1, 2016), ECF No. 1, at 31–33 ("March 1, 2016 Report"); Letter from Jack Rothberg, M.D., Ph.D. to Vicky Ourfalian, Deputy Alternate Public Defender (Aug. 18, 2016), ECF No. 1, at 47–49 ("August 18, 2018 Report.")) Specifically, the March 1, 2016 Report states that Plaintiff "demonstrates a significant thought disorder," "was on the suicide module in a suicide gown," and "has an underlying psychotic process, most likely bipolar." (Mar. 1, 2016 Rep.) The August 18, 2016 Report states that Plaintiff has a "significant mental illness," is "delusional," and "is suffering from psychosis and experiences numerous delusional ideas which impair his thinking." (Aug. 18, 2016 Rep.) These statements are sufficient to allege a "serious medical

12

need." *See Lipsey v. Depovic*, No. 1:18-cv-00767-JDP, 2019 U.S. LEXIS 129822, at *9–10 (E.D. Cal. Aug. 2, 2019) ("The complaint alleges facts to support the conclusion that plaintiff had a serious medical need—given his bipolar affective disorder."); *Padilla v. Beard*, No. 2:14-cv-1118 KJM-CKD, 2017 U.S. Dist. LEXIS 11851, at *45–46 (E.D. Cal. Jan. 27, 2017) ("An inmate exhibiting symptoms of psychosis has established a serious medical need for purposes of the objective prong of a deliberately indifference claim.").

<u>Subjective Prong</u>. Nonetheless, the Complaint does not contain sufficient allegations from which it could be inferred that Defendant acted with "deliberate indifference" to Plaintiff's health—that is, that Defendant was aware of and purposefully failed to respond to Plaintiff's serious medical need. *See Farmer*, 511 U.S. at 834. Plaintiff alleges that Defendant misdiagnosed Plaintiff with multiple mental illnesses. (Compl. 18.) However, "an inadvertent failure to provide adequate medical care," "negligence in diagnosing or treating a medical condition," and medical malpractice do not violate the Eighth Amendment. *Estelle*, 429 U.S. at 105–06. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). If Plaintiff files an amended complaint with an Eighth Amendment claim for deliberate indifference to serious medical needs, he must correct this deficiency.

### 4. The Complaint Does Not State a First Amendment Access-To-Courts Claim.

Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). This right is limited to direct criminal appeals, habeas petitions, and Section 1983 civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The

13

right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [I]t is this capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356–57.

The Supreme Court has identified two categories of access-to-court claims. *Christopher v. Harbury*, 536 U.S. 403, 412–13 (2002). The first category consists of "forward-looking" claims, which allege that official action presently is frustrating the plaintiff's ability to prepare and file a suit at the present time. *Id.* at 413. The object of "forward-looking" claims is to "place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* The second category consists of "backward-looking" claims, which allege that due to official action, a specific case "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 413–14. These cases look "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414.

To state a claim for denial of access to the courts, a plaintiff must establish that he or she suffered an "actual injury"—that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis*, 518 U.S. at 348-49). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Nev. Dep't of Corr.*, 648 F.3d at 1018. However, even if delays in providing legal materials or assistance result in actual injury, they are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

///

Here, Plaintiff alleges that Defendant denied him an attorney, reading and writing materials, and legal resources. (Compl. 5, 12.) These sparse allegations are insufficient to state a First Amendment access-to-courts claim. Plaintiff's allegations are so threadbare that the Court cannot discern whether Plaintiff seeks to assert a "forward-looking" or "backward-looking" access-to-courts claim. In addition, the Complaint does not allege that Plaintiff suffered an "actual injury" due to the alleged deprivations. If Plaintiff files an amended complaint with a First Amendment access-to-court claim, Plaintiff must allege the underlying legal claim he is or was prevented from pursuing, and how Defendant's acts caused him "actual injury" with respect to contemplated or existing litigation.

V. **CONCLUSION**

For the reasons stated above, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a First Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file a First Amended Complaint.

The First Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the First Amended Complaint again. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the**

**standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a First Amended Complaint, or timely advise the Court that Plaintiff does not intend to file a First Amended Complaint, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to

16

state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: August 7, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE