# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. FRISBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Case No. 5:19-cv-01249-DSF (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.  INTRODUCTION

On July 8, 2019, Plaintiff Mark. R. Frisby ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Compl., ECF No. 1.)  On August 7, 2019, the Court dismissed the Complaint with leave to amend.  (Order Dismiss Compl., ECF No. 8)  Plaintiff filed a First Amended Complaint ("FAC") on October 25, 2019.  (FAC, ECF No. 12.)  The Court has screened the FAC as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  For the reasons stated below, the FAC is **DISMISSED WITH LEAVE TO AMEND**.  Plaintiff is **ORDERED** to, within thirty days after

///

the date of this Order, either: (1) file a Second Amended Complaint ("SAC"), or (2) advise the Court that Plaintiff does not intend to file a SAC.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]

The FAC is filed against the following defendants: (1) Dr. Jack Rothberg, psychologist at Los Angeles County Jail; (2) "Dr./Mr. Ruiz," psychologist at Los Angeles County Jail; (3) L. Smith, officer at San Bernardino County Jail; (4) Lloyd, guard at San Bernardino County Jail; and (5) Judge Leslie Swain, Los Angeles Superior Court (each, a "Defendant," and collectively, "Defendants"). (FAC 3–4.)[2] Each Defendant is sued in his or her official capacity. (*Id.*)

At Los Angeles County Jail, Defendant Ruiz made multiple threats of rape and genital mutilation to Plaintiff and denied him clothing and hygiene products. (*Id.* at 5.) Defendant Rothberg performed medical malpractice by misdiagnosing Plaintiff with multiple mental disorders, resulting in defamation, prolonged interrogation, and denial of Plaintiff's right to trial. (*Id.* at 7.)

At San Bernardino County Jail, Defendants Smith and Lloyd kept Plaintiff in extended isolation for over 100 days. (*Id.* at 7–8.) Defendant Smith acted to deliberately deny Plaintiff the minimal civilized measures by locking him in a cell without letting him out for exercise or a shower for over 100 days. (*Id.* at 8.) During such period, Defendant Lloyd denied Plaintiff the right to speak with an attorney and the right to access legal materials for the purpose of making forward-looking motions, including a "P.C. § 1381" demand for trial, a "P.C. § 1382" motion to dismiss, motion for new pre-trial evidentiary hearing since Plaintiff's *Feretta* rights were revoked, motion to dismiss attempted murder charges due to lack of evidence, motion to reduce bail, and motion for appointment of counsel. (*Id.* at 6.)

---

[1] The Court summarizes Plaintiff's allegations and claims as set forth in the FAC, without opining on their veracity or merit.

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

2

Defendant Swain denied Plaintiff the right to represent himself, ordered Plaintiff to be returned to the same custody where reported abuse was taking place, and ordered Plaintiff to be placed on medication. (*Id*. at 7.)

The aforementioned Defendants in conjunction with unknown members of law enforcement conspired to torture Plaintiff for almost two years in an effort to obtain a confession. (*Id*.)

Based on these allegations, Plaintiff asserts four claims: (1) First Amendment; (2) First Amendment access-to-courts; (3) Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436 (1966) ("*Miranda*"); and (4) Eighth Amendment. (*Id*. at 5–8). Plaintiff seeks $400,000 in monetary compensation. (*Id*. at 9.)

## III. LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. &*

*Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), "which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). In reviewing a motion to dismiss, the court will accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Park*, 851 F.3d at 918 (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Id.*

Where a plaintiff is *pro se*, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the

deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a *pro se* plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

## IV. DISCUSSION

### A. Judicial Immunity Bars the Claims Against Defendant Swain.

Section 1983 "was not intended to abolish the doctrine of judicial immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). An act is judicial in nature if "it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Ashelman*, 793 F.2d at 1075 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump*, 435 U.S. at 356). A judge will be stripped of absolute judicial immunity only where he or she "acts in the clear absence of all jurisdiction." *Sadoski*, 435 F.3d at 1079 (quoting *Stump*, 435 U.S. at 356–57) (quotation marks omitted).

Here, the FAC alleges that Defendant Swain denied Plaintiff his right to represent himself, ordered Plaintiff to be returned to the same custody where reported abuse was taking place, and ordered Plaintiff to be placed on medication. (FAC 7.) The issuance of orders is "beyond dispute" a judicial act for which Defendant Swain is entitled to absolute immunity. *See, e.g., Kinney v. Cantil-*

5

*Sakauye*, No. 17-cv-01607-DMR, 2017 U.S. Dist. LEXIS 215439, at *13 (N.D. Cal. Aug. 21, 2017) (finding that state court judges are absolutely immune with respect to issuance of adverse orders). In addition, there are no allegations to suggest that Defendant Swain was acting in the "clear absence of all jurisdiction," such that judicial immunity would not apply. *See Ashelman*, 793 F.2d at 1075–76 ("To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction.")

For these reasons, judicial immunity protects Defendant Swain from damages liability. If Plaintiff files an amended complaint with damages claims against Defendant Swain for her judicial acts, such claims will be subject to dismissal.

### B. The FAC Fails to State Claims Against the Counties of Los Angeles and San Bernardino.

A suit against a defendant in his or her individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citations omitted) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.

The FAC alleges that Defendants Rothberg and Ruiz work at Los Angeles County Jail (FAC 3), and that Defendants Smith and Lloyd work at San Bernardino County Jail (*id*. at 3–4). The official capacity claims against Defendants Rothberg and Ruiz are treated as claims against Los Angeles County. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1250 (9th Cir. 2016) (explaining that claims against county sheriff sued in his official capacity are treated as claims against the county).

6

Similarly, the official capacity claims against Defendants Smith and Lloyd are treated as claims against San Bernardino County. *See id.*

Local governments and municipalities are "persons" subject to liability under Section 1983, and are not wholly immune from suit under Section 1983. *See Monell*, 436 U.S. at 690. However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or in other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, local governments, such as the Counties of Los Angeles and San Bernardino, are liable in a Section 1983 action only if the plaintiff's "injury was inflicted pursuant to the local government's policy, regulation, custom, or usage." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell*, 436 U.S. at 690–91). The local government policy "need only cause a constitutional violation; it need not be unconstitutional per se." *Jackson v. Gates*, 975 F.2d 648, 654 (9th Cir. 1992). Local government policy "'causes' an injury where it is the 'moving force' behind the constitutional violation, or where 'the [local government] itself is the wrongdoer.'" *Chew*, 27 F.3d at 1444 (citations omitted). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, the FAC does not identify any Los Angeles or San Bernardino County policy, regulation, or custom that caused Plaintiff's injuries. Rather, the FAC alleges discrete acts by each of the Defendants. (*See generally* FAC 5–8.) Thus, the FAC does not state any Section 1983 claims against the Counties of Los Angeles or San Bernardino. *See Chew*, 27 F.3d at 1444 ("Under the *Monell* doctrine, [plaintiff] may recover from the [local government] if his injury was inflicted pursuant to city policy, regulation, custom, or usage.").

For these reasons, Plaintiff's official capacity claims against Defendants fail. If Plaintiff files an amended complaint with claims against Los Angeles and/or San Bernardino Counties, or claims against Defendants Rothberg and/or Ruiz (Los

Angeles County) and Defendants Smith and/or Lloyd (San Bernardino County) in their official capacities, he must correct these deficiencies or risk dismissal of such claims.

### C. The FAC Fails to State a Cognizable Section 1983 Claim.

Section 1983 provides a cause of action against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983). The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt*, 504 U.S. at 161. To state a claim under Section 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. The FAC Fails to State a First Amendment Access-To-Courts Claim.

The FAC asserts that Defendant Lloyd violated Plaintiff's First Amendment rights by denying Plaintiff the "right to speak with an attorney and the right to access legal materials for the purpose of making forward looking motions to the court for over 100 days." (FAC 6.) Specifically, the FAC alleges that Plaintiff was denied the right to file a "P.C. § 1382" demand for trial, "P.C. § 1382" motion to dismiss, motion for new pre-trial evidentiary hearing, motion to dismiss attempted murder charges due to lack of evidence, motion to reduce bail, and motion for appointment of counsel. (*Id.*)
///

Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). The right "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [I]t is this capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356–57 (1996). The right is limited to non-frivolous direct criminal appeals, habeas corpus petitions, and Section 1983 civil rights actions to vindicate basic constitutional rights. *Id.* at 354–55; *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1159–60 (9th Cir. 2003).

The Supreme Court has identified two categories of access-to-court claims. *Christopher v. Harbury*, 536 U.S. 403, 412–13 (2002). The first category consists of "forward-looking" claims, which allege that official action presently is frustrating the plaintiff's ability to prepare and file a suit at the present time. *Id*. at 413. The object of "forward-looking" claims is to "place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*. The second category consists of "backward-looking" claims, which allege that due to official action, a specific case "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id*. at 413–14. These cases look "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id*. at 414.

To state a claim for denial of access to the courts, a plaintiff must establish that he or she suffered an "actual injury"—that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis*, 518 U.S. at 348–49). "Actual injury is a jurisdictional

9

requirement that flows from the standing doctrine and may not be waived." *Nev. Dep't of Corr.*, 648 F.3d at 1018. However, even if delays in providing legal materials or assistance result in actual injury, they are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

Plaintiff's First Amendment access-to-courts claim fails for two reasons. <u>First</u>, the motions he allegedly was prevented from filing—a "P.C. § 1382" demand for trial, "P.C. § 1382" motion to dismiss, motion for new pre-trial evidentiary hearing, motion to dismiss attempted murder charges due to lack of evidence, motion to reduce bail, and motion for appointment of counsel—do not appear to be the types of petitions protected by the First Amendment. (FAC 6.) The right to access court is limited to non-frivolous direct criminal appeals, habeas corpus petitions, and Section 1983 civil rights actions to vindicate basic constitutional rights. *Lewis*, 518 U.S. at 354–55.

<u>Second</u>, the allegations in the FAC are too general and do not lead to the reasonable conclusion that Plaintiff suffered an "actual injury"—that is, that Plaintiff suffered actual prejudice as a result of Defendant Lloyd's specific acts. *See Nev. Dep't of Corr.*, 648 F.3d at 1018. Plaintiff must identify "some specific instance in which [he] was actually denied access to the courts." *See Allen v. Sakai*, 48 F.3d 1082, 1090 (9th Cir. 1994) (alteration in original) (quoting *Lewis*, 886 F.2d at 1171). In addition, Plaintiff must identify the specific injury that he suffered as a consequence of each incident. *See Williams v. County of Ventura*, No. CV 07-7655-AHM (MLG), 2009 U.S. Dist. LEXIS 110167, at * 26–27 (C.D. Cal. Aug. 7, 2009) (dismissing First Amendment access-to-courts claim based on denial of access to legal materials because, *inter alia*, "although Plaintiff has alleged that he has missed deadlines for filings in the federal and state courts as a result of the withholding of his legal materials, he has not stated whether his omissions led to the dismissal of his actions or any other adverse consequences.")

For these reasons, Plaintiff's First Amendment access-to-court claim fails. This is Plaintiff's second failed attempt to plead a First Amendment access-to-court claim. (*See* Order Dismiss Compl. 13-15.) The Court will give Plaintiff one more opportunity to state this claim. If Plaintiff files an amended complaint with a First Amendment access-to-court claim, he must correct its deficiencies or risk dismissal.

### 2. The FAC Fails to State a Claim for Violation of the Fifth Amendment or *Miranda*.

The FAC asserts a violation of the Fifth Amendment and *Miranda* based on the allegation that "[t]he aforementioned defendants in conjunction with unknown members of Law enforcement conspired to torture the plaintiff for almost two years in an effort to obtain a confession." (FAC 7.)

The Fifth Amendment provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. To establish a Fifth Amendment claim, a Plaintiff must show: "(1) that the testimony desired by the government carried the risk of incrimination"; and "(2) that the penalty he suffered amounted to compulsion." *United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005). "[T]he core protection afforded by the Self-Incrimination Clause is a prohibition on compelling a criminal defendant to testify against himself at trial." *United States v. Patane*, 542 U.S. 630, 637 (2004). The Fifth Amendment "may only be invoked when the threat of future criminal prosecution is reasonably particular and apparent." *Antelope*, 395 F.2d at 1134. "Only after a compelled incriminating statement is used in a criminal proceeding has an accused suffered the requisite constitutional injury for purposes of a §1983 action." *Aguilera v. Baca*, 510 F.3d 1161, 1173 (9th Cir. 2007).

"[T]he *Miranda* rule is a prophylactic employed to protect against violations of the Self-Incrimination Clause." *Patane*, 542 U.S. at 636. "[A] mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or

even the *Miranda* rule." *Id*. at 641. "[P]olice do not violate a suspect's constitutional rights (or the *Miranda* rule) by negligent or even deliberate failures to provide the suspect with the full panoply of warnings prescribed by *Miranda*. Potential violations occur, if at all, only upon the admission of unwarned statements into evidence at trial." *Id*. This "follows from the nature of the right protected by the Self-Incrimination, which the Miranda rule, in turn, protects. It is 'a fundamental *trial* right.'" *Id.* (quoting *Withrow v. Williams*, 507 U.S. 680, 691 (1993)).

Here, Plaintiff has not alleged any facts to support the reasonable inference that any compelled statements Plaintiff made were used against him in a criminal proceeding. *See Aguilera*, 510 F.3d at 1173; *Patane*, 542 U.S. at 641. For these reasons, his Fifth Amendment and *Miranda* claim fails. If Plaintiff includes a Fifth Amendment and *Miranda* claim in any amended complaint, he must correct this deficiency or risk dismissal of this claim.

### 3. The FAC Fails to State an Eighth Amendment Claim for Plaintiff's Conditions of Confinement.

The FAC claims that Defendants Lloyd and Smith kept Plaintiff in extended isolation for 100 days, during which time Defendant Smith did not let Plaintiff out for exercise or a shower. (FAC 7–8.) As a result, Plaintiff suffered from a fungal rash and emotional distress. (*Id*. at 8.) The FAC also alleges that Defendant Ruiz made multiple threats of rape and genital mutilation to Plaintiff and denied him clothing and hygiene products. (*Id*. at 5.)

The treatment a prisoner receives in prison and the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'"

*Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "In other words, they must not be devoid of legitimate penological purpose, or contrary to 'evolving standards of decency that mark the progress of a maturing society.'" *Morgensen*, 465 F.3d at 1045 (citation omitted) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). "An institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (quoting *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981)).

A prison official violates the Eighth Amendment when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'"; and (2) subjectively, the prison official acted with "deliberate indifference" to an inmate's health or safety—that is, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834, 837 (citations omitted).

Objective Prong. The FAC contains sufficient allegations to satisfy the Eighth Amendment's objective prong with respect to Defendants Lloyd and Smith. Administrative segregation does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Anderson v. County of Kern*, 45 F.3d 1310, 1315–16 (9th Cir. 1995). However, the FAC alleges that Defendants Lloyd and Smith kept Plaintiff in extended isolation for 100 days, during which time Plaintiff was not permitted outdoor exercise or showers. (FAC 7–8.) These allegations can constitute a sufficiently serious deprivation. *See Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (holding that deprivation of outdoor exercise

for six-and-one-half weeks satisfied the objective element of an Eighth Amendment claim); *see also Ekene v. Cash*, No. CV11-9318-DDP (DTB), 2013 U.S. Dist. LEXIS 81952, at *20–21 (C.D. Cal. Jan. 8, 2013) (concluding that plaintiff sufficiently stated an Eighth Amendment claim against defendant correctional officer based on deprivation of showers and outdoor yard for three months).

The FAC does not contain sufficient allegations to satisfy the objective prong as to Defendant Ruiz. The FAC alleges that Defendant Ruiz made multiple threats of rape and genital mutilation to Plaintiff and denied him clothing and hygiene products. (FAC 5.) As the Court previously explained to Plaintiff, Plaintiff does not allege sufficient allegations to allow the Court to conclude that the deprivations of clothing and hygiene products were objectively sufficiently serious. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld.") (quotations omitted). (Order Dismiss Compl. 9–10.) The Court also previously explained to Plaintiff that the Eighth Amendment does not protect verbal sexual harassment that does not involve physical contact. (*Id*. at 10.) The Court will give Plaintiff one more opportunity to correct the deficiencies with respect to Defendant Ruiz before recommending dismissal of the claims against him.

Subjective Prong. Even though the FAC meets the objective prong for Defendants Lloyd and Smith, the FAC fails the subjective prong because it contains no allegations to support the inference that either Defendant Lloyd or Smith acted with "deliberate indifference" to Plaintiff's health or safety. It cannot reasonably be inferred from the allegations in the FAC that either Defendant Lopez or Smith knew of, and disregarded, an excessive risk to Plaintiff's health or safety as a result of his prolonged lack of outdoor exercise or showers. *See Farmer*, 511 U.S. at 837. The Court previously explained this deficiency to Plaintiff. (*See* Order Dismiss Compl.

14

10–11.) The Court will give Plaintiff one more opportunity to state an Eighth Amendment claim before recommending that it be dismissed.

### 4. The FAC Fails to State a Conspiracy Claim.

The FAC does not explicitly assert a separate claim for conspiracy. However, the FAC alleges that Defendants, in conjunction with unknown members of law enforcement, conspired to torture Plaintiff for almost two years in an effort to obtain a confession. (FAC 7.) In light of this allegation, the Court analyzes whether the FAC states a Section 1983 conspiracy claim, and concludes that it does not.

A conspiracy claim involving Section 1983 requires allegations supporting "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steelworkers of Am.*, 865 F.2d at 1541). This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir. 1999). A showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of conspiracy. *Id.* (quoting *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991)). Conclusory allegations of conspiracy to violate Constitutional rights are insufficient to state a Section 1983 claim. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). In addition, a conspiracy to violate constitutional rights must be predicated on a viable underlying constitutional claim. *See Thornton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir. 2005). A conspiracy claim requires "an actual deprivation of . . . constitutional rights." *Hart v. Parks,* 450 F.3d 1059, 1071 (9th Cir. 2006).

The FAC does not state a conspiracy claim for two reasons. <u>First</u>, as explained above, the FAC does not adequately state any deprivation of constitutional rights. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126–27 (9th Cir. 1989) (explaining that Section 1983 applies only to conspiracy claims that result in a deprivation of constitutional rights). Specifically, the FAC does not state a claim for violation of the Fifth Amendment and *Miranda*, or the First or Eighth Amendments. (*See supra* § IV.C.1–3.) <u>Second</u>, the FAC does not allege specific facts of an agreement or meeting of the minds to violate Plaintiff's constitutional rights. Without any supporting facts, the FAC simply alleges that Defendants conspired to torture Plaintiff for almost two years in an effort to obtain a confession. (FAC 7.) "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns*, 883 F.2d at 821.

For these reasons, Plaintiff's Section 1983 conspiracy claim fails. If Plaintiff alleges a conspiracy in any amended complaint, Plaintiff must correct these deficiencies or risk dismissal of such claim.

### D. The FAC Fails to State a Medical Malpractice Claim.

Although the FAC does not explicitly assert any state law claims, the FAC alleges that Defendant Rothberg performed medical malpractice by misdiagnosing Plaintiff. (FAC 7.) The Court therefore analyzes whether the FAC pleads a state law tort claim for medical malpractice, and concludes that it does not.

Before commencing a lawsuit against a California state or local public entity or its employee based on tort liability or for any claim for money or damages, the Government Claims Act requires a plaintiff to first present a written claim to the public entity. *See Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 374 (2014); *see also City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007). Claims for personal injury and property damages must be presented within six months after

accrual; all other claims must be presented within one year. *City of Stockton*, 42 Cal. 4th at 738. A plaintiff cannot file a lawsuit until the written claim has been acted upon, or deemed rejected, by the board of the public entity. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004). "[S]ubmission of a claim to a public entity pursuant to [the Government Claims Act] 'is a condition precedent to a tort action and the failure to present the claim bars the action.'" *Id.* at 1240 (quoting *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 708 (1989)); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (holding that plaintiff's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them in compliance with Government Claims Act before filing suit). "A cause of action that is subject to the statutory claim procedure must allege either that the plaintiff complied with the claims presentation requirement, or that a recognized exception or excuse for noncompliance exists." *Gong*, 226 Cal. App. 4th at 374; *see also Bodde*, 32 Cal. 4th at 1243 ("[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.").

The FAC does not allege that Plaintiff presented a medical malpractice claim in compliance with the Government Claims Act, or that he was excused from the claim presentation requirement. Thus, the FAC does not sufficiently plead a medical malpractice claim. If Plaintiff includes a medical malpractice claim in any amended complaint, he must state facts showing that he presented or was excused from presenting his claim in accordance with the Government Claims Act, or face dismissal of such claim.

## V. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the FAC **WITH LEAVE TO AMEND**. Although doubtful that Plaintiff could amend the FAC to

overcome the deficiencies explained in this order, Plaintiff may have an opportunity to amend and cure the deficiencies given his *pro se* prisoner status. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a SAC, or (2) advise the Court that Plaintiff does not intend to file a SAC.

The SAC must cure the pleading defects discussed above and shall be complete in itself without reference to the FAC. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the SAC again. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a SAC, or timely advise the Court that Plaintiff does not intend to file a SAC, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a strike under 28 U.S.C. § 1915(g). Instead, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Voluntary Dismissal form.

Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then, pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: December 9, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE