1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11   MARK R. FRISBY,

Case No. 5:19-cv-01249-DSF (MAA)

12                          Plaintiff,

**ORDER OF DISMISSAL**

13          v.

14

15   THE STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE et al.,

16

17                          Defendants.

18

19   **I.     SUMMARY OF PROCEEDINGS**

20          On July 8, 2019, Plaintiff Mark R. Frisby ("Plaintiff"), a California state

21   inmate proceeding *pro se*, filed a Complaint alleging violations of his civil rights

22   pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On August 5, 2019, the Court granted

23   Plaintiff's amended Request to Proceed Without Prepayment of Filing Fees with

24   Declaration of Support.  (ECF Nos. 5–6.)  On August 7, 2019, pursuant to the

25   Congressionally-mandated screening of any case in which a prisoner seeks redress

26   from a governmental entity or officer or employee of a governmental entity, or in

27   which a plaintiff proceeds *in forma pauperis*, the Court issued an Order dismissing

28   the Complaint with leave to amend.  (ECF No. 8.)

On October 25, 2019, the Court received Plaintiff's First Amended Complaint ("FAC").  (FAC, ECF No. 12.)  On December 9, 2019, the Court screened and dismissed the FAC, with leave to file a Second Amended Complaint ("SAC") within thirty days—that is, by January 8, 2020.  (ECF No. 14).  On January 13, 2020, the Court granted Plaintiff's request for an extension of time to file the SAC (ECF No. 15), and extended the SAC deadline to February 12, 2020.  (ECF No. 16.)  On January 21, 2020, Plaintiff filed a Motion to Amend Petition, attempting to add two pages of allegations to his complaint.  (ECF No. 17.)  On January 24, 2020, because there was no active complaint to be amended, the Court denied the Motion to Amend Petition and advised Plaintiff that the February 12, 2020 deadline to file a SAC remained unchanged.  (ECF No. 18.)  On February 3, 2020, Plaintiff filed a Motion: Response to Motion to Dismiss Order for Amended Complaint, stating that Plaintiff did not intend to further modify his complaint.  (ECF No. 19.)  On February 7, 2020, the Court reminded Plaintiff that there was no active complaint to modify because the Court had dismissed the FAC, and extended Plaintiff's SAC deadline to March 9, 2020.  (ECF No. 20.)

On March 24, 2020, in the absence of a filed SAC, the Court issued an Order to Show Cause Why This Case Should Not Be Dismissed for Want of Prosecution.  (ECF No. 21.)  The Court ordered Plaintiff to show cause by April 23, 2020 why the Court should not recommend that the lawsuit be dismissed for want of prosecution.  (*Id*. at 2.)  As Plaintiff did not respond, on June 10, 2020, the Court issued a Report and Recommendation recommending that the lawsuit be dismissed without prejudice for failure to prosecute and to comply with Court orders ("R&R").  (R&R, ECF No. 24.)  Plaintiff's objections were due July 31, 2020.  (ECF No. 25.)

On August 18, 2020, the Court received Plaintiff's Notice of Change of Address.  (ECF No. 26.)  In light of this notice, on August 21, 2020, the Court re-sent Plaintiff the R&R to the address on his notice, and extended Plaintiff's

2

deadline to file objections to the R&R to September 20, 2020. (ECF No. 27.)  The August 21, 2020 order was returned to the Court as undeliverable on September 9, 2020.  (ECF No. 28.)

On September 14, 2020, the Court located Plaintiff on the California Department of Corrections and Rehabilitation's ("CDCR") Public Inmate Locator System (https://inmatelocator.cdcr.ca.gov), and saw that Plaintiff had been transferred to Richard J. Donovan Correctional Facility ("RJD").[1]  (ECF No. 29.) That same day, the Court issued an order stating in part: "Plaintiff is reminded that his obligation to notify the Court of a change of address is a continuing obligation and that he timely must file a notice of change of address every time he is transferred or moves, and that failure to do so may result in a recommendation that this action be dismissed for failure to prosecute.  *See* C.D. Cal. L.R. 41-6; *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988)."  (*Id*. at 1.)  The Court ordered Plaintiff to file a notice of change of address to the Court, directed the Clerk to send the R&R to Plaintiff at RJD, and once again extended Plaintiff's deadline to file objections to the R&R to October 14, 2020.  (*Id*. at 2.)

On September 29, 2020, the Court received Plaintiff's Notice of Change of Address (ECF No. 30), Motion to Extend Deadline to File Objections to the R&R and to File Amended Complaint ("Motion," ECF No. 32), and Objections to the R&R (ECF No. 31).  On October 13, 2020, the Court withdrew the R&R, denied Plaintiff's Motion for an extension of time to file objections to the R&R as moot, and granted Plaintiff's Motion for an extension of time to file an amended

///

---

[1]  The Court may take judicial notice of public records available on inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir 2011) (taking judicial notice of the Bureau of Prisons' inmate locator available to the public); *McDaniel v. Lizarraga*, No. 2:19-cv-1136 JAM KJN P, 2020 U.S. Dist. LEXIS 191532, at *5–6 (E.D. Cal. Oct. 14, 2020) (taking judicial notice of the public CDCR inmate locator website).

complaint, extending Plaintiff's SAC deadline to November 12, 2020.  (ECF No. 33.)

The Court received Plaintiff's Second Amended Complaint ("SAC") on November 2, 2020.  (SAC, ECF No. 34.)  On November 23, 2020, the Court screened and dismissed the SAC with leave to amend ("Order").  (Order, ECF No. 35.)  The Court ordered Plaintiff to, within thirty days after the date of the Order (that is, December 23, 2020), either: (1) file a Third Amended Complaint ("TAC"), or (2) advise the Court that Plaintiff did not intend to pursue this lawsuit further and would not file a TAC.  (*Id*. at 2.)  The Court "**explicitly caution[ed] Plaintiff that failure to timely file a TAC, or timely advise the Court that Plaintiff does not intend to file a TAC, w[ould] result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b)**."  (*Id*. at 26.)

On January 22, 2021, in the absence of a filed TAC, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause by February 21, 2021 why the Court should not recommend that the case be dismissed for want of prosecution.  (OSC, ECF No. 36.)  The OSC stated that if Plaintiff filed a TAC or dismissed the case before that date, the OSC would be discharged.  (*Id*.)  The OSC "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**"  (*Id*.)

To date, Plaintiff has failed to file a TAC or respond to the Order or OSC.  Indeed, Plaintiff has not communicated with the Court since submitting his SAC, which the Court received on November 2, 2020.  On March 23, 2021, the Court checked the CDCR's Public Inmate Locator System, and could no longer find a record for Plaintiff.  *See* CDCR Inmate Locator: Public Inmate Locator System, ///

4

*supra* ("This search will only return adult inmates currently in the custody of the [CDCR]").  Plaintiff has failed to update the Court with his current address.

## II.   LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."  *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith."  *Id*.

1  **III.   ANALYSIS**

2      **A.    The Public's Interest in Expeditious Resolution and the Court's**

3             **Need to Manage Its Docket**

4          The first and second factors (the public's interest in expeditious resolution of

5  litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal.

6  "Orderly and expeditious resolution of disputes is of great importance to the rule of

7  law." *In re: Phenylpropanolamine*, 460 F.3d at 1227.  "The public's interest in

8  expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d

9  at 642 (quoting *Yourish*, 191 F.3d at 990).  In addition, district courts "have an

10 inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at

11 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

12 1986)), and "are best suited to determine when delay in a particular case interferes

13 with docket management and the public interest." *Yourish*, 191 F.3d at 990

14 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

15         Plaintiff has failed to file a TAC or otherwise respond to the Order or OSC,

16 has failed to update his mailing address, and has not otherwise participated in this

17 lawsuit since November 2, 2020.  The Court concludes that Plaintiff's inaction and

18 lack of communication with the Court constitute willful unreasonable delay.  *See,*

19 *e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008)

20 (holding that district court did not abuse its discretion by dismissing *pro se* prisoner

21 lawsuit for failure to respond to a court order for almost three months).  Plaintiff's

22 noncompliance also interferes with the public's interest in the expeditious

23 resolution of this litigation and hinders the Court's ability to manage its docket.  *See*

24 *In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the

25 district court's judgment about when a delay becomes unreasonable 'because it is in

26 the best position to determine what period of delay can be endured before its docket

27

28  [2] The first two factors are usually reviewed together "to determine if there is an
    unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)).  The first and second factors favor dismissal.

## B.   Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).  "The law also presumes prejudice from unreasonable delay."  *Id*.  The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *Pagtalunan*, 291 F.3d at 642.  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."  *Malone*, 833 F.2d at 131.

Plaintiff continuously has refused to file a TAC without explanation.  As Plaintiff has not updated his address with the Court, the Court cannot ascertain Plaintiff's reason for failing to prosecute this lawsuit or comply with Court orders.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.")  As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

## C.   Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal.  "The district court need not exhaust every sanction short of dismissal

1  before finally dismissing a case, but must explore possible and meaningful

2  alternatives." *Henderson*, 779 F.2d at 1424.

3        The Court considered and implemented less drastic alternatives prior to

4  dismissal.  The Court twice explicitly warned Plaintiff that failure to file a TAC

5  would result in a recommendation that the action be dismissed for failure to

6  prosecute and/or failure to comply with Court orders pursuant to Federal Rule of

7  Civil Procedure 41(b).  (Order 26; OSC.)  *See In re: Phenylpropanolamine*, 460

8  F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can

9  itself meet the 'consideration of alternatives' requirement.").  The Court also

10 extended Plaintiff's deadline to file a TAC from December 23, 2020 to February 21,

11 2021.  (OSC.)  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding

12 that the district court's allowance of an additional thirty days for plaintiff to file an

13 amended complaint was an attempt at a less drastic sanction).  As Plaintiff has not

14 provided his updated address to the Court, no alternatives to dismissal currently are

15 available.  *See Carey*, 856 F.2d at 1441 (concluding that there was no less drastic

16 sanction available than dismissal where mail addressed to plaintiff was returned by

17 the post office as undeliverable and plaintiff did not provide updated address to

18 court).  The fourth factor weighs in favor of dismissal.

19

20        **D.     Public Policy Favoring Disposition on the Merits**

21        As to the fifth factor, "[p]ublic policy favors disposition of cases on the

22 merits." *Pagtalunan*, 291 F.3d at 643.  However, "a case that is stalled or

23 unreasonably delayed by a party's failure to comply with deadlines . . . cannot move

24 toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228.

25 Thus, "this factor lends little support to a party whose responsibility it is to move a

26 case towards disposition on the merits but whose conduct impedes progress in that

27 direction." *Id.* (internal quotation marks omitted).  The case has been stalled by

28 Plaintiff's failure to file a TAC, otherwise respond to the Order or OSC, or update

his address with the Court.  Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E.    Dismissal Without Prejudice

In summary, Plaintiff's failure to file a TAC or otherwise respond to the Order or OSC, failure to update his mailing address, and failure to otherwise participate in this lawsuit since November 2, 2020 constitute willful unreasonable delay.  Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV.    CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

DATED:  March 29, 2021

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

9